## BURTON STEEN vs. GEORGE W. SHORT.

Sussex County, October Term, 1894.

**Justice of the Peace, Certiorari.**—Failure of a Justice of the Peace to give the plaintiff notice of the time of the application to open a judgment, is waived by the appearance of the plaintiff thereafter.

This was a *certiorari* to George T. Dodd, a Justice of the Peace, in an action for a balance ascertained on settlement of account. The Justice rendered a judgment by default on November 4, 1893, the record of which was to that point regular. Subsequently the record was as follows :

" The above judgment was opened November 17, 1893, for a new trial. The plaintiff, George W. Short was notified to be and appear before George T. Dodd, Justice of the Peace, on Friday the 24th of November at two 2 o'clock P. M.

" Action on Judgment on Docket L. page 335, entered November 4, 1893. The defendant being dissatisfied with the decision, according to law was entitled to fifteen days to open the said judgment and let the defendant into a fair trial.

" The defendant present on the 23rd day of November 1893, And now, the day of trial, and after waiting until the hour of two o'clock, the plaintiff, Burton Steen, fails to appear, and the defendant, George W. Short, asks that his judgment be sustained."

" Judgment rendered in favor of George W. Short for the same amount as the original judgment, with the additional costs."

Exceptions were filed to the whole record, those relied upon being as follows :

" That it does not appear from the record that the judgment was opened or that a new trial was granted on the application of either one of the parties."

" That it does not appear from the record that the Justice of the Peace gave final judgment after hearing the proofs and allegations of the parties."

*Lynch*, for the plaintiff below (*Richards* with him).

It must appear that an application for the opening of a judgment or new trial was upon application of a party; *Newbold vs. Polk*, 1 Harring. 235.

The record does not show that the judgment was rendered after hearing the proofs and allegations of the parties; *Coulter vs. Layton*, 1 Harring. 494; *Phillips vs. Cannon*, 5 *id*. 366.

*Boyce*, for the defendant below, contended that the first judgment was a valid one, but that the second judgment was a nullity, because it appeared from the record thereof that the Justice had opened the first judgment without proceeding as required in Chap. 99, Sec. 5, of the Revised Code; that in setting aside or attempting to vacate the first judgment in the manner in which he did, the Justice acted without jurisdiction, and having so acted his subsequent proceedings after the rendition of the first judgment were void; *Cunningham vs. Dixon, supra*, 163.

LORE, C. J., delivered the opinion of the court.

The record shows that the Justice after giving judgment opened the judgment and proceeded to render another judgment, without its appearing upon the record that notice had been given to the plaintiff of the time of the application to open the judgment. The record also shows, however, that the plaintiff appeared and asked for the rendition of the second judgment. We hold upon the authority of *Jester vs. Lekite*, 5 Harring. 19, that the appearance of the plaintiff was a waiver of the notice, and that he is estopped from setting it up. The judgment is therefore reversed.